**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **V** | * | **CRIMINAL ACTION NUMBER** |
| | * | **1:23-cr-00229-JPB-RDC** |
| **ERNEST MORDEAU DEAS,** | * | |
| | * | |
| Defendant. | * | |

**<u>MOTION TO SUPPRESS EVIDENCE SEIZED FROM ELECTRONIC DEVICES</u>**

Mr. ERNEST DEAS respectfully moves this Court moves this Court to suppress all evidence seized from his cell phones. In support whereof, he shows the following:

On September 18, 2023, DEA Special Agent Bruce J. Hernandez applied for an anticipatory search warrant to conduct a search of all stored communications, records, data, and files on (1) Apple IPhone 14 Pro Max with assigned call number (313) 978-2582 and (2) unknown cellular device bearing telephone number (313) 948-2753 from January 1, 2023 to "the present". The requested records were listed in an enumerated list in Attachment B, which included photographs, videos, GPS location, calendars, call logs, bank records and correspondence. (See attached Exhibit A).

On February 14, 2024, DEA Special Agent Bruce J. Hernandez applied for a warrant to conduct a search of all stored communications, records, data, and files on (1) Samsung Smartphone with assigned call number (734) 217-6607 and (2) TCL Smartphone. The requested records were listed in an enumerated list in Attachment B, which included photographs, videos, GPS location, calendars, call logs, bank records and correspondence. (See attached Exhibit B).

### I.    The warrant affidavits lacked probable cause

Mr. Deas asserts that the evidence seized from his phones should be suppressed because agents lacked probable cause to search the phones. The warrant applications for the electronic devices is based largely on agent summaries of wiretapped calls that were recorded over two specific and identified phone lines (TT3 and TT4) and conclusory statements by the agent. Mr. Deas asserts that the wiretaps were unlawfully obtained and any evidence obtained as a result of those wiretaps should be suppressed as fruit of the poisonous tree. He asserts that, without the wiretap evidence, no probable cause exists for these devices.

### II.    The warrants were overly broad.

The warrants are also overly broad. The Fourth Amendment requires that a warrant particularly describe the place to be searched and the items or persons to be seized. *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). Exploratory rummaging is prohibited. *United States v. Wuagneux*, 683 F.2d 1343 (11th Cir. 1982). The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. *Stanford v. Texas*, 379 U.S. 476, 485 (1965). As to what is to be taken, nothing is left to the discretion of the officer executing the warrant Id. at 485. A warrant which fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutionally over broad. *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000) (citation omitted).

The language outlined in the search warrant affidavits here permitted the wholesale copying of all files and records in the account. The warrants permits law enforcement personnel to copy, review, and examine all data and information stored on the

phones and then determine if the information to be "seized" by law enforcement personnel. Even then, officers maintain a full separate copy of the devices. This is exactly the type of general rummaging that the Fourth Amendment is aimed to prevent. Because the warrant made no attempt to limit the information that could be copied and reviewed, the warrants were overly broad.

WHEREFORE, the Defendant respectfully requests that this Court grant the instant motion.

Respectfully submitted,

s/*Steven Berne*
STEVEN P. BERNE
ATTORNEY FOR DEFENDANT
GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Courier New font, 12 point type.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon counsels of record in this case a copy of the foregoing document via the Electronic Case Filing system of the United States District Court for the Northern District of Georgia.

This __7____ day of ____February_____, 2025.

Respectfully submitted,

s/*Steven Berne*_____
STEVEN P. BERNE
ATTORNEY FOR DEFENDANT

GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335
atlantalaw@att.net