**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **\*** | |
| | **\*** | |
| **V** | **\*** | **CRIMINAL ACTION NUMBER** |
| | **\*** | **1:23-cr-00229-JPB-RDC** |
| **ERNEST MORDEAU DEAS,** | **\*** | |
| | **\*** | |
| **Defendant.** | **\*** | |

## <u>MOTION TO SUPPRESS INFORMATION ASSOCIATED WITH ICLOUD ACCOUNT</u>

Mr. ERNEST DEAS respectfully moves this Court moves this Court to suppress all evidence seized from his ICloud account. In support whereof, he shows the following:

On September 12, 2023, DEA Special Agent Bruce J. Hernandez applied for a search warrant to conduct a search of all stored communications, records, data, and files on Mr. Deas' ICloud account. The requested records were listed in an enumerated list in Attachment B, which included emails, records, instant messages, images, videos, voicemails and notes. (See attached Exhibit).

**The warrant affidavit lacked probable cause**

Mr. Deas asserts that the evidence seized from his ICloud account should be suppressed because agents lacked probable cause to search his ICloud account. The warrant application for the ICloud account is based largely on agent summaries of wiretapped calls that were recorded over two specific and identified phone lines (TT3 and TT4) and conclusory statements by the agent. Mr. Deas asserts that the wiretaps were unlawfully obtained and any evidence obtained as a result of those wiretaps should be suppressed as fruit of the poisonous tree. He asserts

that, without the wiretap evidence, no probable cause exists for the search of his ICloud account.

**I.    The warrant were overly broad.**

The warrant is also overly broad. The Fourth Amendment requires that a warrant particularly describe the place to be searched and the items or persons to be seized. *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). Exploratory rummaging is prohibited. *United States v. Wuagneux*, 683 F.2d 1343 (11th Cir. 1982). The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. *Stanford v. Texas*, 379 U.S. 476, 485 (1965). As to what is to be taken, nothing is left to the discretion of the officer executing the warrant Id. at 485. A warrant which fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutionally over broad. *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000) (citation omitted).

The language outlined in the search warrant affidavit here permitted the wholesale copying of all files and records in the account. The warrants permits law enforcement personnel to copy, review, and examine all data and information stored in the cloud and then determine if the information to be "seized" by law enforcement personnel. Even then, officers maintain a full separate copy of the ICloud account. This is exactly the type of general rummaging that the Fourth Amendment is aimed to prevent. Because the warrant made no attempt to limit the information that could be copied and reviewed, the warrant was overly broad.

WHEREFORE, the Defendant respectfully requests that this Court grant the instant motion.

Respectfully submitted,


s/*Steven Berne*
STEVEN P. BERNE
ATTORNEY FOR DEFENDANT
GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Courier New font, 12 point type.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon counsels of record in this case a copy of the foregoing document via the Electronic Case Filing system of the United States District Court for the Northern District of Georgia.

This __7____ day of ____February_____, 2025.

Respectfully submitted,

s/*Steven Berne*_____
STEVEN P. BERNE
ATTORNEY FOR DEFENDANT
GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335
atlantalaw@att.net